# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| AMERICAN MARKETING ALLIANCE, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br>v.<br><br>STELLIA LIMITED, a Maltese limited liability company; INTERNATIONAL COMMERCE SOLUTIONS, INC., a Nevada corporation; DOMINIC TAMPONE, an individual; KEN CASSAR, an individual; and DOES 1 through 10,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:17-cv-309<br><br>Judge Robert J. Shelby |

Plaintiff American Marketing Alliance, LLC (AMA) filed a Complaint[1] against Defendants on April 20, 2017, after a contractual dispute. Before AMA served its Complaint on any of the Defendants, it filed an Amended Complaint on September 28, 2017.[2] Dominic Tampone, International Commerce Solutions, and Stellia Limited (Stellia Defendants)[3] filed a Motion to Dismiss,[4] arguing insufficient service of process and failure to state a claim upon which relief can be granted. For the reasons discussed below, the Motion to Dismiss is GRANTED.

---

[1] Dkt. 2.

[2] Dkt. 3.

[3] AMA has not provided proof of service for Defendant Ken Cassar. *See* Dkt. 15 (summons returned unexecuted as to Cassar).

[4] Dkt. 23.

## I.    Service of process

The Stellia Defendants argue the Complaint should be dismissed for failure to comply with the time limits of Federal Rule of Civil Procedure 4(m).

Rule 4(m) states that defendants must be served within 90 days after the complaint is filed unless service is made in a foreign country. If the plaintiff fails to effect service within 90 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[5]

AMA's Complaint was filed April 20, 2017,[6] and summonses for that Complaint were never issued. AMA did not effect service in a foreign country, and therefore no extension under Rule 4(m) applies. Thus, AMA did not comply with Rule 4(m).

Service of the Amended Complaint was also insufficient. The Amended Complaint was filed on September 28, 2017, and summonses were issued October 26, 2017.[7] However, AMA improperly filed the Amended Complaint. Federal Rule of Civil Procedure 15(a) provides two methods for a party to amend its complaint: (1) once as a matter of course within 21 days of service, or (2) "with the opposing party's written consent or the court's leave." Where, as here, the initial Complaint is not timely served, the plaintiff may not amend as a matter of course.[8] Additionally, AMA did not receive the Defendants' consent or the court's leave. As a result, the Amended Complaint is of no effect and the initial Complaint is the operative pleading. Because service of the Complaint was insufficient, it is dismissed without prejudice.

---

[5] Fed. R. Civ. P. 4(m).

[6] Dkt. 2.

[7] Dkts 3–7.

[8] *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (stating plaintiffs may not use amendment as a matter of course to evade Rule 4(m)'s deadline); *see also Swallow v. S. Jordan City*, No. 2:14-CV-00881-DN, 2017 WL 2656115, at *4 (D. Utah June 20, 2017).

## II.    Failure to state a claim for relief

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[9]  In reviewing the motion, the court accepts "the well-pleaded allegations of the complaint as true" and draws all reasonable inferences in favor of the plaintiffs.[10]

The Stellia Defendants argue the Complaint fails to state a claim for relief because the claims are brought by the wrong party.  The Complaint asserts claims brought on behalf of AMA, a Utah LLC (AMA-Utah).  But when looking to the contract on which the claims are based, it is clear that the Defendants contracted only with AMA, a Maltese LLC (AMA-Malta).[11]  However, the Complaint contains no allegations about AMA-Malta.  Nevertheless, AMA-Utah argues its Complaint is proper because (1) AMA-Malta assigned its claims to AMA-Utah, and (2) AMA-Malta is a "sham business entity."  The court takes up these arguments in turn.

AMA-Utah first argues its Complaint survives because of AMA-Malta's assignment of claims.  However, the document allegedly assigning AMA-Malta's claims is not properly considered at the motion-to-dismiss stage because it is not referred to in the Complaint.[12]  And even if the court were to consider the assignment, it post-dates the Complaint by several months and therefore could not provide a basis for AMA-Utah to assert AMA-Malta's claims.

Additionally, AMA-Utah's assertion that AMA-Malta is a sham entity is unavailing.  The Complaint does not allege AMA-Malta was not validly formed.  And to the extent AMA-Utah

---

[9] Fed. R. Civ. P. 8(a).

[10] *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 881 (10th Cir. 2005).

[11] Dkt. 23, Ex. 1.  The court may consider this document at the motion-to-dismiss stage because it is central to AMA's claim, referred to in the Complaint, and undisputed in terms of authenticity.  *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005).

[12] *See id.*

seeks to pierce the corporate veil of AMA-Malta, it has not alleged any facts in support of that theory.[13]

AMA-Utah has alleged a basis only for claims by AMA-Malta, a separate legal entity. Thus, AMA-Utah has not stated a claim for relief as to itself, and the Complaint must be dismissed.

## CONCLUSION

The Complaint is DISMISSED without prejudice.[14]  If AMA wishes to file a motion for leave to file an Amended Complaint, it must do so within 21 days.  Otherwise, the case will be closed.

**SO ORDERED** this 27th day of June, 2018.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[13] *See Jones & Trevor Mktg., Inc. v. Lowry*, 2012 UT 39, ¶ 16, 284 P.3d 630 (discussing the factors for piercing the corporate veil under Utah law).

[14] Dkt. 2.